IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KENDRA WARD,** | § | |
| **(Reg. No. 53803-177),** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-079-P |
| | § | |
| **ERIN NEALY COX, et al.,** | § | |
| | § | |
| Respondents. | § | |

**OPINION and ORDER OF PARTIAL DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se-inmate/petitioner Kendra Ward's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Ward has filed a typed petition for mandamus relief. Pet., ECF No. 1. After reviewing the mandamus petition, the Court finds that Ward's claims against some respondents must be dismissed, but that she is entitled to service of process of the remaining claims.

**I.   PETITIONER'S PLEADING**

In the mandamus petition, Ward lists as respondents former United States Attorney Erin Nealy Cox, the records custodian for the office of the United States Attorney for the Northern District of Texas, an Unknown Chief Probation Officer for the Northern District of Texas, and the records custodian for the office of Probation and Pre-Trial Services for the Northern District of Texas. Pet.1, 5, ECF No. 1. Ward recites that she sought to obtain a copy of "all substantive and ministerial records related to her criminal case number 4:16-CR-021-A," but was denied access to a copy of such records. More particularly, Ward writes the

following, in part, as her count/claim for relief:

> The records were requested pursuant to the Federal Freedom on Information Act, 5 U.S.C. § 552a(d). (Exhibits 1-7). This was not a discretionary function of the individuals named in the complaint. It was a mandatory ministerial task as required by statute. " The district courts chall have original jurisdiction of any action in the nature of mandamus to compel and officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Clearly the Defendants owed Ms. Ward access to her records. . . .
>
> As amended, the FOIA requires, in pertinent part that each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person. 5 U.S.C.A. § 552(a)(3). Section (a)(4)(B) vests jurisdiction in the United States Distrct Courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly . . . In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld . . . and the burden is on the agency to sustain its action." 5 U.S.C. A. § 552(a)(4)(B).
>
> This court has jurisdiction of the parties and of the subject matter and Ms Ward has standing as a "person" under Section (a)(3) of the FOIA to maintain this action. In refusing to disclose the requested information, the Defendants do not contend that Ms. Ward's request fails to reasonably describe the records sought or fails to comply with published rules relating to the disclosure of such information.

Pet. 5-6, ECF No. 1. For relief in this proceeding, Ward seeks to "have this District Court order a Writ of Mandamus compelling the government agencies to fulfill her request and comply with the law as written in the Freedom of Information Act, and the Administrative Procedures Act." Pet. 7, ECF No. 1.

## II.     PRELIMINARY SCREENING UNDER § 1915A and § 1915(e)(2)(B)

Ward is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner

seeking redress from a governmental entity, her complaint/petition is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Ward is proceeding *in forma pauperis*, her pleading is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor a "formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.    ANALYSIS

#### A.    Unknown Chief Probation and Pretrial Service Officer and Department of Probation Records Custodian not Subject to Ward's Claims

The Freedom of Information Act ("FOIA") requires executive branch agencies to make "agency records" available to individuals seeking disclosure. 5 U.S.C. § 552(a)(3). The Privacy Act also authorizes an individual to obtain access to records. 5 U.S.C. § 552a(d)(1). The Privacy Act adopts the definition of "agency" as found in the Freedom of Information Act. 5 U.S.C. § 552(a); 5 U.S.C. § 552a(a)(1). "Agency" is defined as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the [federal] Government . . . or any independent regulatory agency." 5 U.S.C. § 552(f)(1); *see* 5 U.S.C. §§ 551(1) and 552a(a)(1). Courts of the United States, however, are expressly excluded from the definition of "agency" for purposes of FOIA and Privacy Act disclosure requirements. 5 U.S.C. § 551(1)(B); *see Glawson v. Executive Office for United States Attorneys*, No. 18-CV–2673 (KBJ), 2020 WL 2735615, *1 n.1 (D.D.C. May 26, 2020); *see also Washington Legal Foundation v. United States Sentencing Commission*, 17 F.3d 1446, 1449 (D.C.Cir. 1994)("courts of the United States" is interpreted such that this exemption applies to the entire judicial branch of government). Furthermore, because federal probation offices are administrative units of the courts, they are not subject to the Privacy Act and FOIA disclosure requirements. *See Boyd v. United States Probation Dep't.*, No. Civ. A. 04-1114 JDB, 2005 WL 6-7879, at * 1 (D.D.C. Mar. 16, 2005) (probation offices not subject to Privacy Act);

*Maydak v. U.S. Dep't. of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003) ("A United States probation office is not subject to the FOIA's disclosure requirement because it is an agency of the federal courts.")

Applying this law to the instant case, Ward fails to state a claim against the United States Probation Department or any of its officers. *See Boyd*, 2005 WL 607879, at *1; *see also United States v. Mitchell*, No. 03-6938, 2003 WL 22999456, at *1 (4th Cir. Dec. 23, 2003) (noting that FOIA requests directed to federal courts or their probation offices cannot be maintained as legal actions). Thus, Ward's claims against Unknown Chief Probation Officer for the Northern District of Texas, and the records custodian for the office of Probation and Pre-Trial Services for the Northern District of Texas, will be dismissed.

      **B.**      **Substitution of Proper Party**

As noted above, FOIA applies to federal agencies. See 5 U.S.C. § 552(f)(1). But Ward's individually named defendants, former United States Attorney Erin Nealy Cox and the records custodian for the office of the United States Attorney for the Northern District of Texas are not federal agencies; rather they are individuals who work for components of the Department of Justice , which is a federal agency and the proper Defendant in this case. *See generally Scott v. United States Attorney Offices*, Civ. A. No. RDB-18-725, 2019 WL 2078632, *1 n.1 (D. Md. May 10, 2019) (citing *Adionser v. Dep't of Justice*, 811 F. Supp. 2d 284, 290 (D.D.C. 2011) ("Because EOUSA, FBI, DEA, and BOP are components of DOJ, and it is DOJ that is an agency covered by FOIA, DOJ is the proper defendant in this case.")

5

(internal citation omitted). Ward does not actually complain of any actions taken by defendant Cox or defendant records custodian for the Northern District of Texas. Rather, she seeks agency records of a section of the Department of Justice. Consistent with the liberal constructions afforded to the filings of *pro se* litigants, the DOJ will be substituted in lieu of the remaining named Defendants.

## IV. ORDER

It is therefore **ORDERED** that Ward's claims against Unknown Chief Probation Officer for the Northern District of Texas, and the records custodian for the office of Probation and Pre-Trial Services for the Northern District of Texas are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further **ORDERED** that former United States Attorney Erin Nealy Cox and the records custodian for the office of the United States Attorney for the Northern District of Texas, are **DISMISSED WITHOUT PREJUDICE** to Ward being authorized to obtain service of process of Ward's remaining claims upon the Department of Justice.[1]

**SO ORDERED** this **19th day** of **August, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner Ward will be allowed to serve her claims upon the Department of Justice by a separate order issued this same day.