UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KENDRA WARD,
(Reg. No. 53803-177),

        Petitioner,

v.                                Civil Action No. 4:21-CV-079-P

UNITED STATES
DEPARTMENT OF JUSTICE

        Respondent.

## OPINION & ORDER

Now pending is the motion to dismiss filed by the defendant United States Department of Justice ("DOJ"), along with appendices thereto. ECF Nos. 21, 21-1, 21-2, 21-3, and 21-4. Petitioner Kendra Ward filed a response (ECF No. 22) and the DOJ filed a reply. ECF No. 23. After considering the relief sought by Ward, the record, and applicable law, the Court finds that the DOJ's motion to dismiss must be granted.

**I.      PETITIONER'S PLEADING/BACKGROUND**

In the mandamus petition, Ward listed as respondents former United States Attorney Erin Nealy Cox, the records custodian for the office of the United States Attorney for the Northern District of Texas, an Unknown Chief Probation Officer for the Northern District of Texas, and the records custodian for the office of Probation and Pre-Trial Services for the Northern District of Texas. Pet.1, 5, ECF No. 1. Ward recites that she sought to obtain a copy of "all substantive and ministerial records related to her criminal case number 4:16-CR-021-A[1]," but was denied access to a copy of such records. For relief in this proceeding, Ward seeks to "have this District Court order a Writ of Mandamus compelling the government agencies to fulfill her request and comply with the law as written in the Freedom of Information Act, ("FOIA") and the Administrative Procedures Act ("APA")." Pet. 7, ECF No. 1. By Opinion and Order issued under the screening authority of 28 U.S.C §§ 1915A and 1915(e)(2)(B), the Court dismissed all parties, except for substitution of the Department of Justice,

---

1. See Judgment, *United States v. Ward*, No. 4:16-CR-21-A(6), (N.D. Texas July 13, 2016).

and allowed service of Ward's mandamus petition on the Department of Justice. ECF Nos. 8, 9, and 10. The DOJ has now moved to dismiss on the basis that Ward's records request has been satisfied, such that her petition is now moot. Mot. Dismiss 1-3, ECF No. 21.

## II. MOTION TO DISMISS

The DOJ reports that while this case was pending, the government continued to process Ward's FOIA request for records. Mot. Dismiss 2, ECF No. 21. The Executive Office for the United States Attorneys released 46 pages of documents, including 21 pages that were redacted, and it withheld 6 pages. DOJ App.1–2, ECF No. 21-1. The Bureau of Alcohol, Tobacco, Firearms and Explosives released 7 pages with redactions. DOJ App. 3–4, ECF No. 21-1. The Executive Office for the United States Attorneys also considered 18 pages that were referred to other components and noted various exemptions for those records. DOJ App. 5–7, ECF No. 21-3. These records were all produced to Ward by counsel for the government on December 21, 2021. DOJ App. 8–9, ECF No. 21-4.

Jurisdiction in a FOIA suit is based on the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records. *Goldgar v. Office of Admin., Exec. Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)). Where, as here, a requester challenges the tardiness of the agency's response, the complaint is rendered moot when the agency's responds to the FOIA request. *See Calhoun v. F.B.I.*, 546 F. App'x 487, 490 (5th Cir. 2013) (citing *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993)).

Ward filed an objection to the government's motion, which the Court has construed as a reply. ECF No. 22. Ward argues that the government has only "partially complied." Reply 1, ECF No. 22. Essentially, Ward now complains that she is not satisfied with the government's response. The substance of the government's response, however, is not an issue before this Court. There is no pleading that complains about the substance of the government's response—only that the government had not responded to Ward's FOIA request at the time she filed suit. Pet. 7, ECF No. 1. Ward has not sought to raise new allegations in any amended pleading, and thus no additional request for relief is before the Court. Thus, Ward's arguments in her reply do not assail the DOJ's assertion that the records request issue raised in her petition

is now moot. The government has responded to Ward's request for documents under the FOIA, and thus, Ward's pending mandamus petition is moot and must be dismissed.

### III.    ORDER

It is therefore **ORDERED** that the motion to dismiss on the basis of mootness (ECF No. 21) is **GRANTED** such that Kendra Ward's petition for writ of mandamus (ECF No. 1) is **DISMISSED** as moot.

**SO ORDERED** this **21st day** of **March, 2022.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE